UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NABEELA MARIE K.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 25-12502<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 13, 15)**

## I. Introduction and Background

Plaintiff Nabeela Marie K. appeals the decision of Defendant Commissioner of Social Security (Commissioner) denying her application for supplemental security income (SSI) under the Social Security Act. Both parties consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c) and move for summary judgment. ECF No. 11; ECF No. 13; ECF No. 15.

This case does not concern the substance of the ALJ's disability determination but rather hinges on her exclusion of certain evidence from

the record. On March 28, 2024, five days before plaintiff's administrative hearing, plaintiff's counsel submitted a letter to the ALJ identifying outstanding evidence in the case:

> All medical records which I am aware of have been submitted except:
>
> 1. University of Michigan-from 11/2022-present
> 2. Prime Care Dr Fouad Dakhlallah/Dr Hussein Ajrouche-Claimant's treating physician; records from January 1 2023-present; request made January 9, 2024, followed up via fax 03/09/2024

ECF No. 8-1, PageID.325. Plaintiff's counsel then confirmed at the April 4, 2024, hearing that there were "a couple of outstanding records," including "new records from Beaumont, Royal Oak" because plaintiff recently had nasal surgery and those were not included in previous records received from Beaumont. *Id.*, PageID.67-68. Plaintiff's counsel did not anticipate records from the University of Michigan because it had "been some time" since plaintiff received care there. *Id.*, PageID.68. And plaintiff's counsel was "going to try to go get [the records] [that day]" from her primary care provider. *Id.*, PageID.68.

The ALJ agreed to keep the record "open for two weeks only to submit those records noted," and specified that the outstanding records included: (1) plaintiff's "recent surgery at Beaumont"; (2) "[m]aybe some records for University of Michigan"; and (3) "some more recent [primary

care provider] records." *Id.*, PageID.68. Absent good cause, "no other records w[ould] be admitted" after April 18, 2024. *Id.*

On April 17, 2024, plaintiff "submitted over 700 pages of records from two sources spanning extensive periods: Prime Care Medical Clinic dating back to January 2022; and Henry Ford Hospital (June 2023 - April 2024)." *Id.*, PageID.44. The ALJ admitted the records from the Prime Care Medical Clinic but denied admission of the records from Henry Ford Hospital. *Id.*, PageID.44-45. The ALJ reasoned that "[she] was not informed of [the Henry Ford Hospital] records at least 5 days prior to the hearing, [plaintiff's] representative did not mention them at the hearing, and [plaintiff] provided no good cause reason for failing to submit or inform [her] about these records prior to the hearing." *Id.*, PageID.45 (citing 20 C.F.R. § 404.935(b)).

## II. Analysis

Plaintiff argues that the ALJ's exclusion of the Henry Ford Hospital records is reversible error and requires remand for the ALJ to consider those records. ECF No. 13, PageID.2151.

The Court disagrees and affirms the ALJ's decision.

**A.**

Procedural matters in social security cases, such as an ALJ's refusal to admit evidence after an administrative hearing, are reviewed for an abuse of discretion. *Haight v. Comm'r of Soc. Sec.*, No. 22-1364, 2023 WL 3467042, at *1 (6th Cir. Jan. 18, 2023) (citing *Smith v. Berryhill*, 587 U.S. 471, 487 n.19 (2019)). "An abuse of discretion exists when the [ALJ] applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Id.* (quoting *B & G Mining, Inc. v. Dir., Off. of Workers' Comp. Programs*, 522 F.3d 657, 661 (6th Cir. 2008)).

Parties must submit available written evidence to the ALJ "no later than five business days before the date of the scheduled hearing." 20 C.F.R. § 416.1435(a).[1] If the evidence is not available, a party "must inform" the ALJ of the missing evidence and "must make every effort to

---

[1] Plaintiff's argument focuses on 20 C.F.R. § 404.935, which concerns evidence submitted in cases involving the disability insurance benefits program. ECF No. 13, PageID.2151; *see* 20 C.F.R. § 404.301. True, the ALJ cited § 404.935 in her decision. ECF No. 8-1, PageID.45. But plaintiff applied for SSI, so the regulations at § 416.1435 apply instead. *See* 20 C.F.R. § 416.101. Nevertheless, both regulations are substantively identical, so these oversights are immaterial. *See Bowman v. Koch Transfer Co.*, 862 F.2d 1257, 1260 (6th Cir. 1988) (finding "no harm" when the district court applied the wrong section of a restatement because the correct section was "virtually identical" to the wrong section).

ensure the [ALJ] receives all of the evidence." *Id.* If a party does not comply with the five-day requirement to submit or inform the ALJ of the evidence, the ALJ "may decline to consider or obtain the evidence" unless good cause is shown. 20 C.F.R. § 416.1435(b); *see also Hight v. Comm'r of Soc. Sec.*, No. 2:18-cv-11817, 2019 WL 4866746, at *7-9 (E.D. Mich. June 25, 2019) (discussing the legal background underlying 20 C.F.R. § 416.1435).

**B.**

The parties disagree over whether plaintiff "inform[ed]" the ALJ about outstanding medical records from Henry Ford Hospital in her March 28 letter. 20 C.F.R. § 416.1435(a). Plaintiff argues that she did because her letter said that records from her primary care provider, Hussein Ajrouche, M.D., were outstanding, and Dr. Ajrouche is part of the Henry Ford Health System. ECF No. 13, PageID.2153, 2155; *see* ECF No. 8-1, PageID.325. She also points out that the ALJ expressly left the record open until April 18, 2024, for "more recent [primary care physician] records," which would necessarily include any primary care records from Henry Ford Hospital. ECF No. 8-1, PageID.68. The Commissioner argues that plaintiff's letter said nothing about outstanding records from Henry Ford Hospital, and that no documents in the record revealed that Dr. Ajrouche provided plaintiff

care at Henry Ford Hospital. ECF No. 15, PageID.2170 2171 (citing ECF No. 8-1, PageID.28, 766-1129; ECF No. 8-2, PageID.1130-1134).

Social Security Ruling (SSR) 17-4p requires that claimants inform the ALJ about written evidence with sufficient specificity.

> To satisfy the claimant's obligation under the regulations to "inform" us about written evidence, he or she must *provide information specific enough to identify the evidence* (*source*, *location*, and *dates of treatment*) *and show that the evidence relates to the individual's medical condition, work activity, job history, medical treatment, or other issues relevant to whether or not the individual is disabled* or blind. If the individual does not provide us with information specific enough to allow us to identify the written evidence and understand how it relates to whether or not the individual is disabled or blind, the individual has not informed us about evidence within the meaning of 20 CFR 404.935, 404.1512, 416.912 or 416.1435, and we will not request that evidence.

SSR 17-4p, 2017 WL 4736894, at *3 (Oct. 4, 2017) (emphasis added); *see also* Hearings, Appeals, and Litigation Law Manual I-2-5-13(B) (S.S.A.), 2015 WL 1735348 (May 1, 2017).

Here, plaintiff's letter did not identify outstanding medical records from Henry Ford Hospital. *See* ECF No. 8-1, PageID.325. Rather, her letter only explained that there were outstanding records from the University of Michigan and Prime Care Medical Clinic. *Id.* And during the hearing, the ALJ and plaintiff's counsel discussed the outstanding evidence

identified in the letter, with no discussion about records from Henry Ford Hospital. *Id.*, PageID.67-68.

Plaintiff argues that the ALJ should not have been surprised by the Henry Ford Hospital records because documents in the record indicated that plaintiff was a patient there. But adopting this argument would require ALJs to sift through the entire administrative record for potential outstanding evidence that may (or may not) be relevant in rendering their decision. Such a requirement would displace the obligation of the claimant to "inform" the ALJ of any outstanding evidence relevant to her application. SSR 17-4p, 2017 WL 4736894, at *3; *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (the claimant bears the burden of proof throughout the first four steps of the sequential process).

Although plaintiff indicated that primary care records from Dr. Ajrouche were outstanding, she had a duty to specify that there were outstanding records from the Henry Ford Health System. SSR 17-4p, 2017 WL 4736894, at *3; *Conrad v. Comm'r of Soc. Sec.*, No. 5:21-CV-00344-CEF, 2022 WL 1721200, at *8 (N.D. Ohio Apr. 22, 2022) (finding insufficient a letter that failed to identify the evidence by "source, location, and dates of treatment"); *Gwin v. Bisignano*, No. 1:25-cv-02221, 2026 WL 2105761, at *10 (S.D. Ohio July 22, 2026) (identifying a treating provider

and stating that outstanding records had been requested was insufficient under SSR 17-4p without information identifying the provider's treatment, including its timing and subject matter). And while the ALJ agreed to keep the record open for two weeks, she kept it open "*only to submit those records noted*." *Id.*, PageID.68 (emphasis added). The Court thus finds that no abuse of discretion occurred.[2]

Plaintiff also argues that the ALJ failed to comply with § 416.1435(a) by not explaining her reasoning for excluding the records in her decision. ECF No. 13, PageID.2156. But when an ALJ excludes evidence, "he need not explain the decision at length; he need only give the reason for it." *Haight*, 2023 WL 3467042, at *2. Here, the ALJ sufficiently gave her reasons for excluding plaintiff's post-hearing Henry Ford Hospital records. *See* ECF No. 8-1, PageID.45.

## III. Conclusion

The Court **DENIES** plaintiff's motion for summary judgment (ECF No. 13), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 15), and **AFFIRMS** the ALJ's decision under sentence four of 42 U.S.C. § 405(g).

[2] The Court need not consider whether plaintiff showed "good cause" for her failure to inform the ALJ of the Henry Ford Hospital records under § 416.1435(b) because she did not raise that argument on appeal.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 2, 2026

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 2, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager